# Exhibit 1



**U.S. Department of Justice**

Civil Division

---

*Office of the Assistant Attorney General*     *Washington, DC 20044*


December 28, 2023

*By Electronic Mail*

The Honorable Greg Abbott
Governor of Texas
P.O. Box 12428
Austin, TX 78711-2428
c/o james.sullivan@gov.texas.gov

    Re:    <u>Texas Senate Bill 4</u>

Dear Governor Abbott:

    Texas recently enacted Senate Bill 4 (SB 4), which will become effective on March 5, 2024. The law purports to create new state crimes tied to federal prohibitions on unlawful entry and reentry by noncitizens into the United States, and it would authorize state judges to order the removal of certain noncitizens from the country. SB 4 is preempted and violates the United States Constitution. Accordingly, the United States intends to file suit to enjoin the enforcement of SB 4 unless Texas agrees to refrain from enforcing the law. The United States is committed to both securing the border and ensuring the processing of noncitizens consistent with the Immigration and Nationality Act (INA). SB 4 is contrary to these goals.

    The U.S. Constitution tasks the federal government with regulating immigration and controlling the international borders. *See Arizona v. United States*, 567 U.S. 387, 394 (2012) ("the Government of the United States has broad, undoubted power over the subject of immigration and the status of" noncitizens). To that end, Congress has established a comprehensive scheme governing the entry and removal of noncitizens, including, among other things, penalties for unlawful entries, grounds for removal, and protections from removal, consistent with U.S. obligations under international human rights and refugee laws. SB 4 effectively creates a separate state immigration scheme by imposing criminal penalties for violations of federal provisions on unlawful entry and reentry into the United States, 8 U.S.C. §§ 1325, 1326, and by authorizing state judges to order the removal of noncitizens from the United States. SB 4 therefore intrudes into a field that is occupied by the federal government and is preempted. Indeed, the Supreme Court has confirmed that "the removal process" must be "entrusted to the discretion of the Federal Government" because a "decision on removability" touches "on foreign relations and must be made with one voice." *Arizona*, 567 U.S. at 409.

    SB 4 also conflicts with various provisions of the INA. For example, it interferes with the federal government's ability to enforce the entry and removal provisions of federal law, and it conflicts with various provisions of federal law permitting noncitizens to seek protection from

The Hon. Greg Abbott
Page 2

removal to avoid persecution or torture.  SB 4 likewise improperly regulates the movement of persons across an international boundary and undermines the United States' foreign relations.

Because SB 4 is unconstitutional and will disrupt the federal government's operations, we request that Texas forbear in its enforcement.  To the extent you believe there are any facts or law supporting the validity of SB 4, we urge you to promptly bring them to our attention.

Please consider this letter to constitute notice, pursuant to § 1-10.100 and § 4-6.240 of the Justice Manual, that the Department of Justice intends to bring a lawsuit to enforce the supremacy of federal law and to enjoin the operation of SB 4.  If you have not confirmed by January 3, 2024, that Texas will forbear enforcement of SB 4, the United States will pursue all appropriate legal remedies to ensure that Texas does not interfere with the functions of the federal government.

  Sincerely,

  Brian M. Boynton
  Principal Deputy Assistant Attorney General


cc:  The Hon. Ken Paxton, Attorney General

 Ryan Walters, Office of the Attorney General