**FILED**
February 07, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ps_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:24-CV-8-DAE |
| | § | (lead case) |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| STATE OF TEXAS, GREG ABBOTT, *in his official capacity as Governor of Texas*, TEXAS DEPARTMENT OF PUBLIC SAFETY, and STEVEN C. MCCRAW, *in his official capacity as Director of Texas Department of Public Safety* | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, AMERICAN GATEWAYS, and COUNTY OF EL PASO, TEXAS, | § | No. 1:23-CV-1537-DAE |
| | § | (consol. case) |
| Plaintiffs, | § | |
| | § | |
| STEVEN C. MCCRAW, *in his official capacity as Director of the State of Texas Department of Public Safety*, and BILL D. HICKS, *in his official capacity as District Attorney for the 34th District*, | § | |
| | § | |
| Defendants. | § | |

ORDER

Before the Court is Carl Starr's ("Starr") Motion for Leave to File a Motion to Intervene, (Dkt. 28).[1] Plaintiffs American Gateways, County of El Paso, Texas, and Las Americas Immigrant Advocacy Center ("Plaintiffs") filed a response in opposition, (Dkt. 36). Starr filed a motion for leave to file a reply, (Dkt. 43). Having considered the parties' briefing, the record, and the relevant law, the Court will deny both motions.

I. BACKGROUND

Plaintiffs challenge the constitutionality of a new state law, Senate Bill 4 (88th Leg. (4th special session)) ("SB 4"), which authorizes Texas state officials to arrest, detain, and order the deportation of noncitizens. (Compl., Dkt. 1, at 1). Plaintiffs allege that SB 4 violates the Supremacy Clause of the United States Constitution and seek a preliminary injunction before the law takes effect on March 5, 2024. (*Id.* at 2). One of the Plaintiffs seeking to enjoin the law is the County of El Paso, Texas ("El Paso County") (*Id.*).

Starr, who is proceeding pro se, alleges that he is a party to a settlement agreement between himself and El Paso County which forbids the County from enforcing federal immigration laws. (Compl. in Intervention, Dkt. 28-2, at 1). He

---

[1] Starr filed his motion to intervene in the consolidated member case: *Las Americas Immigrant Advocacy Center v. McCraw*, No. 1:23-CV-1537-DAE (W.D. Tex. filed Dec. 19, 2023). All docket citations shall be to the member case. The motion was filed and briefed prior to the Court's order consolidating the cases. (Dkt. 45).

seeks permissive intervention,[2] arguing that allowing SB 4 to take effect would violate the settlement agreement between himself and El Paso County. (*Id.* at 2).

## II. LEGAL STANDARD

Starr seeks only to intervene under Rule 24(b)(2), which deals with permissive intervention. Permissive intervention "is wholly discretionary with the district court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) ("*NOPSI*") (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1913 at 551) (cleaned up). Permissive intervention depends, in part, on "whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit." *Id.* at 472.

## III. DISCUSSION

The Court's brief analysis begins and ends with the fact that Starr is adequately represented by the existing parties. Both Plaintiffs and Starr have the same objective—to enjoin SB 4 from taking effect. *See Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) (denying intervention where proposed intervenors had

---

[2] Rather than file a motion for leave to file a complaint in intervention, Starr filed a motion for leave to file a motion for leave to file a complaint in intervention. (Mot., Dkt. 28). Because the extra layer of leave is superfluous, the Court construes Starr's filing as a motion for leave to file a complaint in intervention.

same goal as party to the case). Starr has identified no divergent interest between himself and Plaintiffs. Nor is there any indication that the existing Plaintiffs cannot adequately defend Starr's interest. *NOPSI*, 732 F.2d at 473 (denying permissive intervention because "intervenors' interests are adequately represented by other parties"). To the contrary, allowing Starr to intervene would only serve to complicate the litigation and delay resolution of the preliminary injunction motions before SB 4 takes effect on March 5. Accordingly, the Court will deny the motion to intervene.

## IV. CONCLUSION

**IT IS ORDERED** that the motion for leave, (Dkt. 28),[3] is **DENIED**. The motion for leave to file a reply, (Dkt. 43), is **DISMISSED AS MOOT**.

**DATED**: Austin, Texas, February 7, 2024.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] As filed in the member case, No. 1:23-CV-1537-DAE.