# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>          Defendants. | No. 1:24-cv-00008-DAE<br>(lead case) |
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>STEVEN C. MCCRAW, *et al.*,<br><br>          Defendants. | No. 1:23-cv-01537-DAE<br>(consolidated case) |

**UNOPPOSED MOTION FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF BY UNITED STATES REPRESENTATIVES JODEY C. ARRINGTON, *ET AL.*, IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR INJUNCTIVE RELIEF**

Pursuant to FED. R. CIV. P. 7, *Amici* U.S. Representatives Arrington, *et al.*, respectfully seek this Court's leave to file the accompanying *amici curiae* brief in support of Defendants and in opposition to Plaintiffs' pending motions for injunctive relief. Counsel for *Amici* has conferred with counsel for all parties, and no party opposes this request for leave.

As members of Congress, *Amici* have a strong interest in the correct interpretation of constitutional provisions, the faithful enforcement of federal law, and ensuring that Congress's statutory purposes are being advanced. This is particularly important where, as here, the administrative agencies are failing to take the necessary measures to secure the border as directed by Congress. *Amici* also represent constituents who live and work near the southern border and are adversely affected by the non-enforcement of federal immigration law and the resulting dangers and violence caused by the criminal activities of the cartels.

"'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, *Amici* look to the appellate rules' criteria for granting leave to file *amicus* briefs to support their motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment.

As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's

criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

*Amici*'s proffered brief will aid the Court's in resolving the following issues:

- The scope and nature of the States' retained inherent right to self-defense as recognized in Article I, section 10, of the Constitution.

- The extent and scope of judicial review of a State's exercise of its sovereign prerogative to repel an actual invasion.

- The interplay between the Supremacy Clause and the States' Self-Defense Clause and whether laws enacted by Congress can preempt a State's valid exercise of its inherent right to repel an invasion.

These issues are relevant to this Court's decision on Plaintiffs' motions for injunctive relief, and the accompanying brief may aid the Court in resolving these issues.

//

//

For the foregoing reasons, *Amici* respectfully requests that the Court grant their motion for leave to file the accompanying brief as *amici curiae*.

Dated: February 13, 2024                Respectfully submitted by,

/s/ Christopher J. Hajec
CHRISTOPHER J. HAJEC*
D.C. Bar No. 492551
MATT A. CRAPO*
D.C. Bar No. 473355
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(202) 232-5590
chajec@irli.org
mcrapo@irli.org

* pending *pro hac vice* admission

Counsel for *Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2024, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/ Matt Crapo