# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>v.<br><br>THE STATE OF TEXAS; GREG ABBOTT IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS; TEXAS DEPARTMENT OF PUBLIC SAFETY; STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF TEXAS DEPARTMENT OF PUBLIC SAFETY,<br><br>    DEFENDANTS. | CASE NO. 1:24-CV-00008-DAE (LEAD CASE)<br><br>CONSOLIDATED WITH 1:23-CV-1537-DAE |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Defendants the State of Texas, Greg Abbott, in his official capacity as Governor of Texas, Texas Department of Public Safety, and Steven C. McCraw, in his official capacity as Director of Texas Department of Public Safety, (collectively, "State Defendants"), file this Response in Opposition to Harris County's Motion for Leave to File Amicus Brief (ECF No. 34).

### BACKGROUND

On February 13, only two days before the scheduled hearing on Plaintiffs' Motion for Preliminary Injunction, Harris County contacted State Defendants to confer about filing an Amicus Brief in the instant case. Although State Defendants routinely consent to the filing of amicus briefs, they informed the County of their opposition to the proposed filing due to it being untimely and prejudicial to State Defendants. After receiving State Defendants' opposition, Harris County waited over twenty-four hours, filing their Motion shortly before the close of business on the day before the hearing. ECF No. 34.

## STANDARD

"No federal rule exists governing the procedural or substantive requirements for district court amicus curiae briefs." *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, No. 1:21-cv-01129, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023) (Pitman, J.). "Likewise, the Local Rules of the United States District Court for the Western District of Texas do not address the issue." *Id.* Thus, district courts have "broad discretion" when deciding whether to permit amicus curiae briefs. *Id.* (citing *In re: Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012)).

In exercising this discretion, district courts should consider whether the information offered through the amicus brief is "timely and useful" or otherwise "necessary to the administration of justice." *Id.* (citations omitted); *see also Texas v. United States*, No. 6:21-cv-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021).

District courts commonly seek guidance from Federal Rule of Appellate Procedure 29, which lays out the standards for filing an amicus brief in the United States Courts of Appeals. *See, e.g.*, *Deloitte Consulting LLP*, 512 F. Supp. 2d at 927–29; *United States v. Olis*, No. CIV. A. H-07-3295, 2008 WL 620520, at *7–8 (S.D. Tex. Mar. 3, 2008) (denying a motion for leave to file as untimely under the rule, because it was not filed within seven days of the brief filed by the party it supported).

## ARGUMENT

Accepting Harris County's amicus brief, submitted so late in the briefing schedule, would be neither "timely" nor "useful" but would be unfair to State Defendants. The Court should exercise its discretion by denying the brief.

Harris County did not timely submit its brief. Rule 29 of the Federal Rules of Appellate Procedure limits the time to file amicus briefs to within seven days from the filing date of the principal brief of the party that the amicus wishes to support. Fed. R. App. P. 29(a)(6). Harris County has addressed its amicus brief in support of the Plaintiffs' motion for a preliminary injunction. Plaintiffs filed their original briefs on January 12th. *See* ECF No. 14; ECF No. 30, Case No. 1:23-cv-1537. Therefore, by the lights of Rule 29, the County should have filed on or before

January 19th, not nearly a full month later. While the appellate rules do not bind district courts, Rule 29 provides a wise and workable procedural standard that district courts often follow. *See Deloitte Consulting,* 512 F. Supp. 2d at 927–29. Rule 29 counsels in favor of striking the brief.

Moving beyond Rule 29, under any imaginable standard Harris County's filing is tardy and unfair to State Defendants. February 14th is one day before the Court conducted its scheduled hearing to consider Plaintiffs' PI motions and it is well after the filing date for State Defendants' response brief, which was timely filed on February 7th. As a result of Harris County's tardy filing, none of the parties had an opportunity to consider the amicus brief in time to either address its arguments in their briefing or in their oral presentations. To the extent the brief develops new legal theories in support of an injunction, the Court would deprive State Defendants of an opportunity to refute them, by accepting the brief. *See* Fed. R. App. P. 29(e) Adv. Comm. Notes to 1998 Amend. (commenting that the FRAP's seven-day deadline allows opponents sufficient time to review arguments made by an amicus and "address them in the party's responsive pleading").

The filing of an amicus brief ought to be timely. Harris County's filing is untimely and its motion for leave should be denied on that basis.

## CONCLUSION

For these reasons, State Defendants request that this Court deny Harris County's Motion for Leave to file Amicus Brief.

Date: February 16, 2024

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

Respectfully submitted.

*/s/Ryan D. Walters*
**RYAN D. WALTERS**
Chief, Special Litigation Division
Tex. State Bar No. 24105085

**Amy Snow Hilton**
Special Counsel
Texas Bar No. 24097834

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

**HEATHER L. DYER**
Special Counsel
Tex. State Bar No. 24123044

**JACOB E. PRZADA**
Special Counsel
Tex. State Bar No. 24125371

**KYLE STEPHEN TEBO**
Assistant Attorney General
Tex. State Bar No. 24137691

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Ryan.Walters@oag.texas.gov
Amy.Hilton@oag.texas.gov
Munera.Al-fuhaid@oag.texas.gov
Heather.Dyer@oag.texas.gov
Jacob.Przada@oag.texas.gov
Kyle.Tebo@oag.texas.gov

**COUNSEL FOR DEFENDANTS
STATE OF TEXAS, GREG ABBOTT, TEXAS
DEPARTMENT OF PUBLIC SAFETY, AND STEVEN
C. MCCRAW**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on February 16, 2024 and that all counsel of record were served by CM/ECF.

*/s/Ryan D. Walters*
Ryan D. Walters