IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 1:24-cv-00008-DAE (Lead Case) |
| STATE OF TEXAS; GREG ABBOTT, in his official capacity as Governor of Texas; TEXAS DEPARTMENT OF PUBLIC SAFETY; and STEVEN C. MCCRAW, in his official capacity as Director of Texas Department of Public Safety, | § § § § § § § § § § § | |
| *Defendants*. | § | |
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; and COUNTY OF EL PASO, TEXAS, | § § § § § | |
| *Plaintiffs*, | § § | No. 1:23-cv-01537-DAE (Consolidated Case) |
| v. | § § | |
| STEVEN C. MCCRAW, in his official capacity as Director of Texas Department of Public Safety, and BILL D. HICKS, in his official capacity as District Attorney for the 34th District, | § § § § § § § | |
| *Defendants*. | § | |

1

## ORDER CLARIFYING/MODIFYING PRELIMINARY INJUNCTION ISSUED ON FEBRUARY 29, 2024

The matter before the Court is the status of the preliminary injunction in the above referenced cases. On February 29, 2024, the Court preliminarily enjoined Defendants State of Texas, Greg Abbott ("Abbott"), Texas Department of Public Safety ("DPS"), Steven C. McCraw ("McCraw"), and Bill D. Hicks ("Hicks") (collectively, "Defendants" or "Texas") from enforcing Texas Senate Bill 4, § 2, 88th Legis., 4th Spec. Sess. (Tex. 2023) (codified at Tex. Penal Code § 51.02(a)) ("SB 4"). (Dkt. # 42 at 114.)

## BACKGROUND

At the time this Court entered its February 29, 2024 injunction, there were no operative agreements in effect between the State of Texas and the United States which would have directly impacted the injunction's scope. Since the Court entered the injunction, several events have occurred which make it imperative that this Court clarify/modify the scope of its injunction to avoid confusion and provide additional guidance to the parties.

Among those events which have made it necessary for this Court to issue this Order are the following:

1. On June 3, 2024, former President Joe Biden issued Proclamation No. 10773[1] to temporarily suspend the entry of noncitizens across the southern border, including the Texas/Mexico border;

2. On January 20, 2025, President Donald Trump issued Executive Order 14165,[2] which among other actions, effectively closes the Texas/Mexico border;

3. On January 20, 2025, President Trump issued Executive Order 14159,[3] authorizing Federal and State Cooperation in border enforcement; and

4. On January 29, 2025, Texas Governor Greg Abbott issued a series of his own Executive Orders authorizing certain actions by Texas law enforcement and Texas State Guard personnel regarding activities on the Texas/Mexico border.

It has been called to this Court's attention that, in light of the above changes in circumstance, certain of these orders may affect the existing injunction, including but not limited to the following:

---

[1] On September 27, 2024, former President Biden subsequently issued Proclamation 10817, amending Proclamation 10773. See Proclamation No. 10817, Amending Proclamation 10773, 89 Fed. Reg. 80351 (2024); see also Proclamation No. 10773, Securing the Border, 89 Fed. Reg. 48487 (2024).

[2] Exec. Order No. 14165, Securing Our Borders, 90 Fed. Reg. 8467 (2025).

[3] Exec. Order No. 14159, Protecting the American People Against Invasion, 90 Fed. Reg. 8443 (2025).

(1) President Trump's Executive Order 14165, dated January 20, 2025, which directs federal authorities to begin:

> (f) Cooperating fully with State and local law enforcement officials in enacting Federal-State partnerships to enforce Federal immigration priorities; . . .[4]

(2) President Trump's Executive Order 14159, dated January 20, 2025, which authorizes in part:

> State and local law enforcement officials, as the Secretary of Homeland Security determines are qualified and appropriate, to perform the functions of immigration officers in relation to the investigation, apprehension, or detention of aliens in the United States under the direction and the supervision of the Secretary of Homeland Security. Such authorization shall be in addition to, rather than in place of, Federal performance of these duties.[5]

It is evident to this Court that Executive Order Nos. GA-50 through GA-54[6] issued by Texas Governor Greg Abbott, referenced above, are in response to President Trump's invitation to work with the various states to secure the United States border and to direct Texas State and local law enforcement to work with, as allowed by law, federal authorities in doing so.

---

[4] Exec. Order No. 14165, supra note 2 at 8467.

[5] Exec. Order No. 14159, supra note 3 at 8445.

[6] See Press Release, Governor Abbott Directs State Agencies to Coordinate with Trump Administration on Border, Homeland Security (Jan. 29, 2025), available at https://gov.texas.gov/news/post/governor-abbott-directs-state-agencies-to-coordinate-with-trump-administration-on-border-homeland-security (providing links to Governor Abbott's Executive Orders).

The text of the now enjoined SB4 contains language which permits Texas State and local law enforcement agents to (1) effectuate the arrest and detention of persons in the United States, and more particularly in the State of Texas, without legal authorization, and (2) to effectuate their deportation with the participation of Texas State courts.  As noted above, at the time the injunction in this case was issued there was no authorization from the then-current President or Congress which would have permitted Texas State or local law enforcement agents to engage in those activities, apart from arresting individuals who were otherwise violating State or Federal law.

Clarification/Modification of Injunction

Therefore, in order to avoid any unintentional violation of this Court's injunction issued on February 29, 2024, and in light of the changed circumstances since the issuance of that injunction, the Court hereby clarifies/modifies its injunction as follows:

1. The injunction is hereby clarified/modified to permit Texas State or local law enforcement, including but not limited to the Texas State Guard, to cooperate with and act under the direction of Federal authorities in the apprehension, arrest, and detention of undocumented persons found within the borders of the State of Texas without legal authorization from the United States Government.

2. There is nothing in President Trump's Executive Orders which would purport to permit any State of Texas Judge or law enforcement officer to engage in the actual deportation of undocumented persons from the United States as is contemplated in SB4. Even were there such language, it would likely violate both Federal Immigration statutes and the United States Constitution. However, since no Executive Order issued by either President Trump or Governor Abbott suggests that the State of Texas possesses deportation powers, this Court need not rule on that issue beyond what is already the law of this case.

3. The Injunction issued by this Court on February 29, 2024 (Dkt. # 42) remains in full force and effect except as clarified/modified above.

Further, nothing in this modification should be construed or interpreted as the Court addressing the constitutionality or legality of any Executive Orders issued by former President Biden, President Trump, or Texas Governor Abbott. Such a determination would be beyond the scope of the Court's jurisdiction in this case. The only purpose of this modification is to provide clarity to all parties, as they proceed in response to the changes in circumstance addressed above.

The Clerk of this Court is directed to immediately provide a copy of this Order to the parties in this case and to transmit a copy to the Clerk of the Fifth

Circuit Court of Appeals for dissemination to the Panel of that Court currently having the assignment of this case on appeal.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, January 31, 2025.

_____
David Alan Ezra

Senior United States District Judge